Filed 8/30/22  P. v. Crenshaw CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERT ODELL CRENSHAW,<br><br>　　　　Defendant and Appellant. | B312025<br><br>(Los Angeles County<br>Super. Ct. No. BA024364) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael V. Jesic, Judge. Reversed and remanded with instructions.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel Chang and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Robert O. Crenshaw challenges the denial of his petition for resentencing under Penal Code former section 1170.95 (now § 1172.6).[1]  Appellant contends the trial court erred by denying his petition at the prima facie stage of review because the jury instructions and findings upon which the court relied do not foreclose relief as a matter of law.  Respondent Attorney General agrees, as do we.  We accordingly reverse and remand with directions to issue an order to show cause and proceed in accordance with section 1172.6.

## BACKGROUND

### I.    Convictions

In 1992, an amended information charged appellant and codefendant Richard Whitehurst with the robbery (§ 211) and murder (§ 187) of Timothy Ellerson, the robbery and murders of Tracy Bolton and Derrick Turner, and the attempted willful, deliberate, and premeditated murder of Dwayne Haley.  The amended information further alleged multiple murder and robbery-murder special circumstances.  (§ 190.2, subds. (a)(3), (a)(17).)

At the ensuing joint trial, the court instructed the jury on two theories of liability for the murders: willful, deliberate, and premeditated murder, using the then-current version of CALJIC No. 8.20; and first degree felony murder, using the then-current versions of CALJIC No. 8.21 and 8.27.  It also instructed the jury on conspiracy principles using then-current CALJIC Nos. 6.10.5 and 6.11, the latter of which included the natural and probable

---

[1]    Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).  All further statutory references are to the Penal Code unless otherwise indicated.

2

consequences doctrine.  The court used then-current CALJIC No. 8.80 to instruct on the special circumstance allegations:  "If you find beyond a reasonable doubt that the defendant was either the actual killer, a co-conspirator, or an aider and abettor, but you are unable to decide which, then you must also find beyond a reasonable doubt that the defendant with the intent to kill participated as a co-conspirator with or aided and abetted an actor in commission of the murder in the first degree, in order to find the special circumstance to be true.  On the other hand, if you find beyond a reasonable doubt that the defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true."

The jury found appellant guilty of all charges: three counts of first degree murder, two counts of second degree robbery, and one count of attempted willful, deliberate, and premeditated murder.  The verdict forms did not specify the theory or theories on which the jury convicted him.  The jury also found the special circumstances allegations true, again without clarifying the basis for its decision.  After a penalty phase trial, the jury rejected the death penalty and selected life imprisonment without the possibility of parole for the three murders.

On September 25, 1992, the court sentenced appellant to two consecutive terms of life imprisonment without the possibility of parole, and one concurrent term of the same, and one concurrent term of life with the possibility of parole.  The court imposed and stayed (§ 654) two midterm sentences of three years for the robberies.  We affirmed appellant's convictions on direct appeal. (*People v. Whitehurst* (Nov. 16, 1994, B071419) [nonpub. opn.].)

3

## II.    Petition for Resentencing

In July 2019, appellant, acting in propria persona, filed a petition for resentencing under section 1172.6. The AG asserts that appellant left all the check boxes blank. The trial court appointed counsel for appellant on August 21, 2019.

On September 30, 2019, the prosecution filed a written response opposing the petition. As relevant here, the prosecution argued that appellant could still be held liable for murder under section 189, subdivision (e) because the facts recited in our previous appellate opinion demonstrated that he was a major participant in the robberies and acted with reckless indifference to human life under the updated standards set forth in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Appellant's counsel filed a reply in support of the petition on April 16, 2020. He subsequently filed a supplemental memorandum of points and authorities, alerting the trial court to new authorities holding that the court should not make factual findings at the prima facie stage (*People v. Drayton* (2020) 47 Cal.App.5th 965 (*Drayton*)) and that special circumstances findings made prior to *Banks* and *Clark* do not foreclose section 1172.6 relief as matter of law (*People v. Torres* (2020) 46 Cal.App.5th 1168, rev. granted and expanded, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, rev. granted and expanded, S262835).

The court heard the petition on April 13, 2021. Based primarily upon the pre-*Banks* and *Clark* special circumstances jury instruction that required the jury to find either that appellant was the actual killer or acted with the intent to kill, and the jury's true findings on the special circumstances

4

allegations, the court found appellant was ineligible for relief as a matter of law. It concluded that appellant could not make a prima facie showing of eligibility for relief because "the jury made a determination in this case that the defendant was either the actual shooter or had the intent to kill, and the defendant's not eligible for relief based on that." Appellant timely appealed.

## DISCUSSION

Appellant contends the trial court erred in denying his petition because he made a prima facie case for relief and neither the jury instructions, special circumstance findings, nor verdicts render him ineligible as a matter of law. Respondent concedes the matter should be remanded to the superior court to issue an order to show cause and hold an evidentiary hearing. We agree with the parties.

## I.    Governing Law

The Legislature enacted Senate Bill 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) SB 1437 accomplished this task by adding three provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)

First, to amend the natural and probable consequences doctrine, SB 1437 added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); *accord,*

5

*Gentile, supra,* 10 Cal.5th at pp. 842-843.)  Second, to amend the felony murder rule, SB 1437 added section 189, subdivision (e), which provides that a participant in the perpetration or attempted perpetration of certain felonies in which a death occurs may be liable for murder only if (1) the person was the actual killer; (2) the person was not the actual killer "but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree"; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e).)

Finally, SB 1437 added former section 1170.95, now section 1172.6, which permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).)  A petition for relief under section 1172.6 must include a declaration by the petitioner that he or she is eligible for relief under section 1172.6 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and whether the petitioner requests appointment of counsel. (§ 1172.6, subd. (b)(1).)

If the petition satisfies those requirements, and the petitioner has requested counsel, the court must appoint counsel. (§ 1172.6, subd. (b)(3).)  The prosecutor is also required to file a response to the petition, and the petitioner may then file a reply. (§ 1172.6, subd. (c).)  The court then holds a hearing to determine whether the petitioner has made a prima facie showing he or she

is entitled to relief.  (*Ibid.*; see also *Lewis, supra,* 11 Cal.5th at pp. 960-986.)

"[T]he 'prima facie bar was intentionally . . . set very low.'" (*Lewis, supra,* 11 Cal.5th at p. 972.)  "Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'"  (*Id.* at p. 971, quoting *Drayton, supra,* 47 Cal.App.5th at p. 978.)  In assessing the petition at the prima facie stage, the court must not engage in "'factfinding involving the weighing of evidence or the exercise of discretion.'"  (*Lewis, supra,* 11 Cal.5th at p. 972, quoting *Drayton, supra,* at p. 980.)  If the petitioner's allegations are facially sufficient to state a claim for relief, the trial court must issue an order to show cause unless "the record of conviction contains facts conclusively refuting the allegations in the petition," thereby establishing the petitioner's ineligibility for resentencing "as a matter of law."  (*People v. Flores* (2022) 76 Cal.App.5th 974, 991-992.)  The court's authority to make factual determinations without conducting an evidentiary hearing "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)."  (*Drayton, supra,* 47 Cal.App.5th at p. 980.) Facts preclusive of relief at the prima facie stage may include the absence of jury instructions on the felony murder theory or natural and probable consequences doctrine.  (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

They may not include special circumstances findings made prior to *Banks* and *Clark*. (*People v. Strong* (2022) 13 Cal.5th 698.)

If the court finds the petitioner has made a prima facie showing, it must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c)-(d).) At that hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by [SB 1437]." (§ 1172.6, subd. (d)(3).) If the prosecution fails to meet this burden, the court must vacate the murder conviction and resentence the petitioner on any remaining counts. (*Ibid.*)

## II.  Analysis

Appellant and respondent agree the trial court erred by concluding appellant was ineligible for relief as a matter of law. We agree.

As respondent recognizes, "the record here indeed supports the fact that appellant was charged with murder and could have been convicted under either the felony murder rule or the natural and probable consequences theory." The jury was expressly instructed on both theories, as well as on direct perpetrator and aiding and abetting principles, and the verdict forms do not indicate the basis on which the jury found appellant guilty. The record accordingly does not establish as a matter of law that appellant could be convicted of murder under the law as it currently stands.

The instructions and findings on the special circumstances allegation likewise leave open the possibility that appellant was convicted under a now-impermissible theory. The special circumstances instruction permitted the jury to find the robbery-murder allegation true if it found appellant was a co-conspirator,

8

a direct aider and abettor, or the actual killer. Per the instructions on co-conspirator liability, however, the jury could have applied the natural and probable consequences doctrine instead of finding that appellant had the intent to kill. In appellant's words, the record is "ambiguous" as to the basis on which appellant was convicted and the robbery-murder allegations were found true. An ambiguous record does not foreclose eligibility for relief as a matter of law at the prima facie stage of review.

As respondent concedes, "there is nothing in the record indicating the jury's felony-murder special circumstances finding was based on a theory that appellant was a major participant in the robbery and acted with reckless indifference to human life. . . . [T]he relevant instructions never referenced major participation nor reckless indifference to human life as either a concept to consider or as a requirement. Nor would the jury have been required to find appellant was the actual killer or acted with actual malice before finding the robbery-murder special circumstance true." Even if the jury had made those findings, they would not foreclose relief as a matter of law. "Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*People v. Strong, supra*, at p. 720.)

The trial court thus erred when it concluded appellant was ineligible for relief as a matter of law based on its special circumstances findings. We further agree with respondent that the only other plausible basis for the trial court's finding "was its

9

own consideration of the evidence that appellant was an actual killer or a direct aider and abettor." Such factfinding is not permissible at the prima facie stage. (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

Because the record does not show as a matter of law that appellant was ineligible for resentencing, we must remand the case to the trial court to issue an order to show cause under section 1172.6, subdivision (c) and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3). At the evidentiary hearing, the trial court will not be compelled to credit appellant's allegations. (See *Lewis*, *supra*, 11 Cal.5th at 971 [court should not reject petitioner's factual allegations on credibility grounds "'without first conducting an evidentiary hearing'"].) We express no opinion regarding appellant's ultimate entitlement to relief.

## DISPOSITION

The order denying appellant's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing to determine whether appellant is entitled to section 1172.6 relief. At that hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that [appellant] is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

WILLHITE, ACTING P.J.                    CURREY, J.

10